By the Court. Bosworth, J.
The rules of this court, and those of the Supreme Court, in force at the time the Code took effect, were substantially alike, so far as they related to amendments of pleadings as a matter of course. They provided— first, “ that a plaintiff may at any time before the default for not replying shall be entered, if the plea shall be a special plea, or a plea in abatement, or within twenty days after service of a copy of the plea, if it shall be the general issue, amend his declaration;” second, "that, after plea, either party may, before default for not answering shall be entered, amend the *657 pleading to be answered ; and where there shall be a demurrer to a declaration or' other pleading, such pleading may be amended at any time before the default for not joining in demurrer shall be enteredthird, “ If the defendant shall plead the general issue, the cause shall be at issue, unless the plaintiff shall within twenty days amend his declaration; and if either party shall in pleading in any degree, after the plea, tender an issue to the contrary, and if the opposite party shall not demur to the pleading, within twenty days after service of a copy thereof, the cause shall in each of these cases be deemed at issue.” (Supreme Court Rules of 1845, 23 and 27; of 1847, 22 and 25; Superior Court Rules of 1843, 32 and 34.)
The only essential difference between the rules of the courts, bearing on this subject, related to the time given to plead, demur, or reply. Under none of those rules could a plea of the general issue be amended as a matter of course. If the general issue was pleaded, the plaintiff could immediately notice the cause for trial. If the answer in this case had denied the allegations of the complaint, it would, in legal effect, have been equivalent to the old plea of the general issue.
§ 469 of the Code declares, that “ the present rules and practice of the courts, in civil actions, inconsistent with this act (the Code) are abrogated; but where consistent with ■ this act, they shall continue in force, subject to the power of the respective courts to relax, modify, or alter the same.”
§ 172 provides, that “ any pleading may be at once amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time before the period for answering it expires, or it can be so amended at any time within twenty days after the service of the answer or de murrer to such pleading,” &c.
The pleading amended, or attempted to be, was an answer denying some of the allegations of the complaint, but setting up no new matter. The Code gives no time to answer such a pleading, for it contains nothing to be answered. It .could not be demurred to, for the reason that it did not contain new matter constituting a counter-claim. (Quin v. Chambers, 1 Duer S. C. R. 673.)
The amendment made was merely colorable. It put no ad *658 ditional fact in issue. The legal effect of the two answers was the same, and they were nearly identical in form. If it had properly denied every allegation of the complaint, it would have been in effect the old plea of the general issue. Such a plea was not amendable as a matter of course. It is not a pleading which the Code authorizes to be amended as a matter of course. The amendment, being wholly unauthorized by the Code, it would seem to follow that the plaintiff was at liberty to treat it as a nullity. (Cowles v. Costee, 6 Hill, 550.)
This case is distinguishable from that of Griffin v. Cohen and Others, 8 How. P. R. 451.
In the latter, the answer, besides denying all the allegations of the complaint, set up new matter.' The statement made of that case does not show whether the new matter set up constituted a counter-claim. That it did is to be inferred from the fact, that the order made gave the plaintiff twenty days to reply to the amended answer (Id. 454), and no answer can be replied to except one which sets up a counter-claim (Code, § 168). The amended answer was served before the time for answering it had expired.
But it is insisted, that although the amendment was irregular and in bad faith, the plaintiff could not treat it as a nullity, and take an inquest without returning the amended answer (Code, § 172).
It may be conceded, that if the defendant had a right to amend, and the only question was, whether it was made for the purpose of delay, and to throw the plaintiff over the term, the plaintiff should not be permitted to decide this preliminarily for himself, and drive the other party to test the accuracy of his judgment, by a motion to avoid a proceeding taken on the assumption that the motive was to delay.
But when there is no law or practice authorizing a party to amend such a pleading at all, as a matter of course, and the amendment is not merely irregular, but is unwarranted by preexisting practice or any provision of the Code, the plaintiff may treat it, as it is, as a nullity. We think the order appealed from was not erroneous, and it must be affirmed.